UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MONICA S. MOSHENKO,

                                         Plaintiff,

v.

STATE UNIVERSITY OF NEW YORK
AT BUFFALO, DR. ALAN RABIDEAU,
and DR. JOSEPH ATKINSON,

                                         Defendants.

**REPORT
RECOMMENDATION
AND ORDER**

07-CV-0116(A)(M)

---

        This case has been referred to me by Hon. Richard J. Arcara to decide all non-dispositive motions, hear and report on all dispositive motions, and otherwise supervise pretrial proceedings [6].[1] Before me is defendants' motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. ("Rules") 26, 37 and 41(b), or alternatively for leave to file a motion for summary judgment [51]. For the following reasons, I recommend that defendants' motion be DENIED to the extent it seeks dismissal of the second amended complaint, and I order that it be DENIED to the extent that it seeks leave to file a motion for summary judgment.

**BACKGROUND**

        Plaintiff is a former employee of the State University of New York at Buffalo. She commenced this action by Complaint filed February 28, 2007, alleging employment discrimination based upon her gender, hostile work environment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq*., and for

---

[1]     Bracketed references are to the CM/ECF docket entries.

disability discrimination in violation of her rights as an advocate on behalf of the disabled pursuant to §601 of Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(d) *et seq*. and Title IV of the American Disabilities Act 42 U.S.C. §12203(a) *et seq*.

Defendants initially moved pursuant to Rule 12(b)(1) and (6) for partial dismissal of the complaint [3]. The parties agreed to resolve the motion by permitting plaintiff to file an amended complaint [28]. Defendants also moved to dismiss the amended complaint [31], but this motion was denied by my November 2, 2007 Report and Recommendation [38], which was adopted by Judge Arcara [41].

The parties then stipulated to permit plaintiff to file a second amended complaint [39 and 40], which was answered by the defendants [43]. A Case Management Order was issued shortly thereafter, giving the parties until February 17, 2009 to file dispositive motions [47, ¶12].

Defendants' motion, which was filed on the dispositive motion deadline, seeks to dismiss the second amended complaint as a result of plaintiff's failure "to comply with discovery requirements . . . and . . . to prosecute this case". Notice of Motion [51].

## DISCUSSION AND ANALYSIS

**A.     Dismissal Standard Under Rule 37(d)**

"Rule 37(d) of the Federal Rules of Civil Procedure authorizes a range of sanctions, including dismissal, that may be imposed on a party for failing to attend a deposition or to comply with a court order. Although courts are afforded broad discretion in imposing Rule 37 sanctions, '[d]ismissal under Fed.R.Civ.P. 37 is a drastic penalty which should be imposed only in extreme circumstances.'" Branford v. Research Foundation of SUNY, 2009 WL

1851280, *3 (W.D.N.Y. 2009) (Skretny, J.) (quoting Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977)). "Several factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37. These include: '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" Agiwal v. Mid Island Mortgage Corp., 555 F. 3d 298, 302-303 (2d Cir. 2009).

### B. Dismissal Standard Under Rule 41(b)

"Dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." United States ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). In determining whether dismissal is warranted, I must consider "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." Platinum Funding Corp. v. Bosselli Studio Ltd., 2009 WL 1867977, *1 (2d Cir. 2009) (Summary Order).

### C. Dismissal is Not Warranted Under Rules 37(d) or 41(b)

Defendants argue that "plaintiff . . . has failed to prosecute this action and her dilatory and sometime dishonest actions have led to delays and confusion throughout the course

-3-

of this litigation." Murphy Declaration [52], ¶4. As examples of plaintiff's dilatory tactics, defendants argue that:

- plaintiff failed to timely respond to defendants' initial motion to dismiss. Murphy Declaration [52], ¶4.

- plaintiff filed her amended complaint a day after the court's deadline. Id. at ¶10.

- plaintiff failed to send her initial disclosures until a month after the deadline in the Case Management Order. Id. at ¶20.

- plaintiff failed to serve defendants with any discovery demands or interrogatories and failed to disclose any expert witnesses. Id.

- plaintiff failed to appear for the mediation, which her counsel, Ronald Anton, Esq., attended, and her counsel never contacted defendants about settlement, despite his representations that he would do so. Id. at 21.

Defendants also claim that plaintiff has been dishonest. Murphy Declaration [52], ¶¶5-8. They rely on the fact that plaintiff alleged in the complaint and in her opposition to defendants' initial motion to dismiss (Moschenko Affidavit [14], ¶4) that she filed a complaint with the EEOC on September 6, 2006. However, in response to my order pursuant to Rule 11(c)(1)(B) requesting her to explain the discrepancies between her allegations and the documentary evidence [17], plaintiff's counsel recanted this allegation as a mistake. Although I did not sanction plaintiff or her counsel for their conduct, I did admonish plaintiff's counsel at the August 9, 2007 proceeding and ordered him to obtain a transcript of my comments and to provide them to plaintiff. August 9, 2007 Text Order [28]. Because this conduct was previously addressed by me and defendants do not allege that there have been any further attempts to mislead by plaintiff or her counsel, I see no reason to revisit this issue.

Defendants also argue that the claims in plaintiff's second amended complaint are "confusing, verbose and markedly deficient", and that her punitive damage and New York State

-4-

Human Rights Law claims are legally insufficient. Murphy Declaration [52], ¶¶17 and 18. These arguments could have been made either in the context of a motion pursuant to Rule 12(b)(6), 12(d - f), or 56.[2] However, no such motion is before me.

None of the factors under Rules 37(d) or 41(b) weigh in favor of dismissal of this case. While defendants focus on the fact that plaintiff has not requested certain discovery from them, they do not complain that she has failed to provide them with requested discovery. Other than furnishing mandatory discovery information pursuant to Rule 26(a) (which defendants concede was done, albeit belatedly), plaintiff was not obligated to serve her own discovery demands. Rule 26(b)(1) provides that "parties *may* obtain discovery" (emphasis added), and "the court reads the word 'may' . . . in its ordinary permissive, not mandatory, sense". Pfohl Brothers Landfill Site Steering Committee v. Allied Waste Systems, Inc., 255 F. Supp. 2d 134, 153 (W.D.N.Y. 2003) (Arcara, J./Foschio, M.J.), recons, denied, 2003 WL 21518341 (W.D.N.Y. 2003). As plaintiff points out, her "failure to [request discovery] is equally consistent with an inference that no further discovery is needed, as it is with any inference of failure to prosecute or dilatory conduct". Anton Declaration [54], ¶10.

Defendants also complain that plaintiff was untimely in providing her initial disclosures, a day late in filing her amended complaint, and failed to participate in good faith in the mediation. However, their failure to object at the time of these occurrences undercuts any claim of prejudice. Consequently, plaintiff was not put on notice that her dilatory conduct could result in dismissal of her case.

---

[2] Having filed a Rule 12(b)(6) motion for partial dismissal directed at the initial complaint [3], defendants were aware of this option.

Under these circumstances, neither dismissal nor any lesser sanction is warranted for plaintiff's alleged misconduct. Therefore, I recommend that defendants' motion be denied to the extent that it seeks to dismiss the second amended complaint.

**D.  Defendants Have Not Demonstrated Good Cause for Belatedly Moving for Summary Judgment**

Alternatively, defendants request "that if this motion is not granted, plaintiff be ordered to represent that no further discovery is needed so defendants and their counsel will not be further burdened and be forced to expend unnecessary and limited resources by preparing a summary judgment motion which plaintiff will then oppose by seeking discovery in another untimely fashion. Defendants then respectfully request that they be given 60 days . . . to submit a summary judgment motion so that they may be able to complete the onerous task of responding to the confusing, perplexing claims in the second amended complaint." Murphy Declaration [52], ¶22.

There is no need to order plaintiff to "represent that no further discovery is needed", since the Case Management Order required pretrial discovery to be completed by January 16, 2009 [47, ¶10], and plaintiff has not requested an extension of that deadline. Indeed, such a request would not have been granted had it been made, since plaintiff apparently conducted no discovery whatsoever.

Nor is there any basis for extending defendants' deadline for filing a summary judgment motion. The Case Management Order required dispositive motions to be filed by February 17, 2009 ([47, ¶12]), and further provided that "no extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good

cause for the extension". Id.. Defendants did not seek an extension of the deadline for dispositive motions prior to the cutoff date, nor have they demonstrated "good cause" for the extension. Their expectation that an earlier motion would have been successfully opposed by plaintiff's belated request for additional discovery is unfounded.

Simply put, there is no reason why defendants could not have moved for summary judgment within the deadline established by the Case Management Order, and therefore no "good cause" for their belated request for an extension of that deadline.

## CONCLUSION

For these reasons, I recommend that defendants' motion [51] be denied to the extent that it seek to dismiss the second amended complaint, and I order that the motion be denied to the extent it seeks leave to file a summary judgment motion. Accordingly, pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**SO ORDERED.**

DATED:   July 24, 2009

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge