UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MONICA S. MOSHENKO, | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | 07-CV-0116(A)(M) |
| STATE UNIVERSITY OF NEW YORK AT BUFFALO, | |
| Defendant. | |

---

This case has been referred to me by Hon. Richard J. Arcara to decide all non-dispositive motions, hear and report on all dispositive motions, and otherwise supervise pretrial proceedings [6].[1] Before me is defendant's motion for partial dismissal of the second amended complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) [60]. For the following reasons, I recommend that defendant's motion be GRANTED in part and DENIED in part.

**FACTUAL BACKGROUND**

Plaintiff is a former employee of the State University of New York at Buffalo. She commenced this action by Complaint filed February 28, 2007, alleging employment discrimination based upon, *inter alia*, her work as an advocate on behalf of the disabled [1].

Defendant initially moved pursuant to Rule 12(b)(1) and (6) for partial dismissal of the complaint [3]. The parties agreed to resolve the motion by permitting plaintiff to file an amended complaint [28]. Defendant also moved to dismiss the amended complaint [31], but this

---

[1] Bracketed references are to CM/ECF docket entries.

motion was denied by my November 2, 2007 Report and Recommendation [38], which was adopted by Judge Arcara [41].

The parties then stipulated to permit plaintiff to file a second amended complaint [39 and 40], which was answered by the defendant [43]. A Case Management Order was issued shortly thereafter, giving the parties until February 17, 2009 to file dispositive motions [47, ¶12].

Defendant moved on the dispositive motion deadline to dismiss the second amended complaint pursuant to Rules 26, 37 and 41(b) for plaintiff's failure "to comply with discovery requirements . . . and . . . to prosecute this case", or alternatively for leave to file a motion for summary judgment [51]. By Report, Recommendation and Order dated July 24, 2009, I recommended that defendant's motion [51] be denied to the extent that it seeks to dismiss the second amended complaint, and I ordered that the motion be denied to the extent it seeks leave to file a summary judgment motion [55]. My Report, Recommendation and Order is currently pending before Judge Arcara on objections [59].

Defendant moved for reconsideration [56] of my Report, Recommendation and Order, which I granted to the extent of allowing defendant to argue that the court lacks subject matter jurisdiction over plaintiff's causes of action, and otherwise denied it. August 5, 2009 Text Order [58].

Plaintiff's second amended complaint alleges violations of Titles I, II and V of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.*, Title VII of the Civil Rights Act 1964 ("Title VII"), 42 U.S.C. §2000 *et seq.*, Section 296 of the New York Human Rights Law ("HRL"), Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, 42 U.S.C. §1981, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. 701, *et seq*. Second Amended Complaint [42]. Defendant seeks to dismiss plaintiff's ADA Title I and

V, HRL and Section 1981 claims for lack of subject matter jurisdiction on sovereign immunity grounds.

Plaintiff's response to defendant's motion was due by August 24, 2009 [58]. However, to date, plaintiff has not responded to defendant's motion. Nevertheless, I "cannot grant a motion to dismiss solely on the ground that it is unopposed. Rather, where a Rule 12(b) motion has not been opposed, this Court must review the merits of the motion and determine whether the movant has carried its burden." Foster v. Phillips, 2005 WL 2978686, *3 (S.D.N.Y.2005).

**ANALYSIS**

"The Eleventh Amendment bars suits against state officials acting in their official capacities. Where it has been successfully demonstrated that a defendant is entitled to sovereign immunity under the Eleventh Amendment, the federal court lacks subject matter jurisdiction over the case, and 'the case must be stricken from the docket.'" Dallio v. Hebert, 2009 WL 2258964, *12 (N.D.N.Y. 2009) (quoting McGinty v. State of New York, 251 F. 3d 84, 100 (2d Cir. 2001)). The State University of New York "'is an integral part of the government of the State [of New York] and when it is sued it is the real party . . .'". Yoonessi v. State University of New York, 862 F.Supp. 1005, 1012 (W.D.N.Y. 1994) (Arcara, J./Heckman, M.J.) (quoting State University of New York v. Syracuse University, 285 A.D. 59, 61 (3d Dept. 1954)).[2]

---

[2] The quote in Yoonessi, supra, is incorrect. In State University of New York v. Syracuse University, supra, 285 A.D. at 61 the court stated, "the State University is an integral part of the government of the State and when it is sued *the State* is the real party". (emphasis added).

-3-

Defendant seeks to dismiss plaintiff's ADA, HRL and Section 1981 claims on sovereign immunity grounds. However, defendant also raises other alternative arguments that are not directed at my subject matter jurisdiction. *See, e.g.,* Memorandum of Law [61], p. 2 n. 4 ("Even if the Title V claim were not barred by the Eleventh Amendment, such claim should fail regardless, as she has not alleged participation in a protected activity under the [*sic*] any facts constituting retaliation or wrongful termination as a result of her advocacy for the disabled."). Because my order on plaintiff's motion for reconsideration only permitted her to file a dismissal motion directed at my subject matter jurisdiction, these arguments will be disregarded.

**A.     Plaintiff's ADA Claims**

Plaintiff asserts claims under Titles I, II and V of the ADA. "State immunity or liability under each title of the ADA is decided title by title, as a claim using each title arises." Chiesa v. New York State Department of Labor, 2009 WL 2344766, *6 (N.D.N.Y. 2009) (citing United States v. Georgia, 546 U.S. 151, 159 (2006)).

Defendant seeks to dismiss plaintiff's Title I and V ADA claims on sovereign immunity grounds. With respect to plaintiff's Title II ADA claim (and Rehabilitation Act claim), defendant argues that "[p]laintiff concedes she does not have a disability and is not handicapped and thus falls beyond the scope of these statutes." Memorandum of Law [61], p. 1 n. 3. However, as discussed above, because this argument does not go to my subject matter jurisdiction over plaintiff's ADA Title II claim, I will disregard it.

1. **ADA Title I**

"Title I [of the ADA] does not abrogate the sovereign immunity enjoyed by the State of New York or its agencies and officials." Canales-Jacobs v. New York State Office of Court Administration, 2009 WL 2431860, *12 (S.D.N.Y. 2009) (citing Board of Trustees of The University of Alabama v. Garrett, 531 U.S. 356, 363 (2001)). Therefore, I recommend that plaintiff's ADA Title I claim be dismissed on sovereign immunity grounds.

2. **ADA Title V**

The Second Circuit and the Supreme Count have not expressly decided whether New York State and its subdivisions have abrogated their sovereign immunity under Title V of the ADA. However, the district courts in the Second Circuit that have addressed this issue have found that the State has not abrogated its sovereign immunity: "Immunity under Title V [of the ADA] has not yet been decided, but the past decisions on state employers suggest very limited liability to be appropriate. To mirror the decisions on liability under Titles I and II, a state employer could only be sued for retaliation when a fundamental right was implicated, plaintiff sought injunctive relief, or the United States brought the suit. Applying the Title I and Title II conditions on liability to Title V ensures state employers receive the degree of protection Congress intended. If a state is immune from underlying discrimination, then it follows that the state must be immune from claims alleging retaliation for protesting against discrimination. Chiesa cannot overcome . . . sovereign immunity in her Title V retaliation claim. Consequently, that claim must also be dismissed." Chiesa, supra, 2009 WL 2344766, at *6. See Warren v. Goord, 2006 WL 1582385, *17 (W.D.N.Y. 2006) (Foschio, M.J.), aff'd. on other grounds, 2008 WL 5077004 (2d Cir. 2008) (summary order), petition for cert. filed, No. 09-524 (April 22,

2009) (Despite the defendants' concession that Title V provides for liability for their discriminatory acts undertaken in their official capacity, and despite the fact that the Second Circuit had not remanded the case for consideration of whether the plaintiff's retaliation claim under Title V of the ADA was barred by the Eleventh Amendment, the court dismissed plaintiff's Title V claims against defendants in their official capacity on sovereign immunity grounds); Salvador v. Lake George Park Commission, 2001 WL 1574929, *3 (N.D.N.Y. 2001), aff'd., 35 Fed.Appx. (2d Cir. 2002), cert. denied, 537 U.S. 1002 (2002) ("There is no indication that Congress, in passing §§12203(a) and (b) [Section 503 of Title V] of the ADA, was concerned with a pattern or practice of states interfering with others' compliance with the mandates of the ADA. Those sections of the ADA, therefore, cannot apply to the states for to do so would unlawfully abrogate their sovereign immunity.").

I agree with these authorities, and therefore recommend that plaintiff's ADA Title V claim be dismissed on Eleventh Amendment sovereign immunity grounds.

**B.     Plaintiff's HRL Claim**

"The district courts in this Circuit have repeatedly held that the New York Human Rights Law 'does not include a waiver of the State's sovereign immunity to suit in federal court.'" Smith v. State University of New York, 2003 WL 1937208, *7 (N.D.N.Y. 2003). *See* Campbell v. City University Construction Fund, 1999 WL 435132, *2 (S.D.N.Y. 1999) ("The . . . NYHRL . . . do[es] not waive Eleventh Amendment immunity."); Cady v. Cortland, 2000 WL 1456285, *6 (N.D.N.Y. 2000) (citing cases). Therefore, I recommend that plaintiff's HRL claim be dismissed on Eleventh Amendment sovereign immunity grounds.

C.  **Plaintiff's Section 1981 Claim**

"Congress has not abrogated the states' sovereign immunity under 42 U.S.C. §1981." Melrose v. New York State Department of Health Office of Professional Medical Conduct, 2009 WL 211029, *10 (S.D.N.Y. 2009) (citing cases). *See* Yoonessi, supra, 862 F.Supp. at 1012.  Therefore, I recommend that plaintiff's Section 1981 claim be dismissed on Eleventh Amendment sovereign immunity grounds.

**CONCLUSION**

For these reasons, I recommend that defendant's motion to dismiss [60] be GRANTED to the extent that it seeks to dismiss plaintiff's ADA Title I and V claims, HRL and Section 1981 claims on sovereign immunity grounds, and otherwise be DENIED.  Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g.,* Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**SO ORDERED.**

DATED:	September 16, 2009

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge