UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MONICA S. WHARTON,

        Plaintiff,

                 **DECISION AND ORDER**
                  07-CV-116A

  v.

STATE UNIVERSITY OF NEW YORK
 AT BUFFALO,

        Defendant.

---

On October 8, 2010, defendant the State University of New York at Buffalo filed a motion in limine (Dkt. No. 81) to dismiss any claims that plaintiff may have under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12165, and under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a. In support of its motion, defendant argues that plaintiff lacks standing under either statute because she is not a "qualified individual with a disability" as those statutes would define that phrase. Defendant argues further that any claims that plaintiff has under Title II should be dismissed on the additional basis that Title I of the ADA is the exclusive remedy for employment discrimination cases in the disability context. In opposition to the motion in limine, plaintiff argues that the enforcement provisions of Title II and of the Rehabilitation Act are broad enough to cover both discrimination in an employment context and discrimination against

a third-party advocate for the disabled who herself does not have a disability. The Court held oral argument on the motion in limine on November 16, 2010.

"Looking to the enforcement provisions of each statute . . . [plaintiff] has standing under both Title II of the ADA and the Rehabilitation Act. Title II's enforcement provision extends relief to '*any person* alleging discrimination on the basis of disability.' 42 U.S.C. § 12133 (1994). Similarly, the Rehabilitation Act extends its remedies to 'any person aggrieved' by the discrimination of a person on the basis of his or her disability. 29 U.S.C. § 794a(a)(2). As the district court noted, the use of such broad language in the enforcement provisions of the statutes evinces a congressional intention to define standing to bring a private action under 504 [and Title II] as broadly as is permitted by Article III of the Constitution." *Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 47 (2d Cir. 1997) (internal quotation marks and citation omitted), *superseded in part on other grounds by* Fed. R. Civ. P. 52; *accord Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 827 (9th Cir. 2009) ("As in our analysis of section 504 of the Rehabilitation Act, the language employed in the anti-retaliation provisions of Title II does not evince a congressional intent to limit standing to individuals with disabilities. Instead, the use of the phrase 'any individual' and the absence of any language limiting standing to those with disabilities indicates Congress's intent to grant standing under Title II 'as broadly as is permitted by Article III of the Constitution.' As we recognized in our Rehabilitation Act

analysis, it appears that in formulating the language in Title II's anti-retaliation provisions, Congress recognized that disabled individuals may require assistance from others to defend their rights.") (citing *Innovative Health*). Here, the Court finds the enforcement provisions of Title II and of the Rehabilitation Act to be broad enough to cover plaintiff's allegations. Plaintiff has alleged, *inter alia*, that defendant discriminated against her in several ways, including through termination and the creation of a hostile work environment, because it resented how openly she advocated for disabled university students. Whether plaintiff can establish her claims in front of a jury by a preponderance of the evidence is another matter; for now, there is no reason for this Court to attempt to give the enforcement provisions of Title II and of the Rehabilitation Act a more narrow construction than the Second Circuit has given them.

Following the broad interpretation of the enforcement provisions in question that is set forth in *Innovative Health* and *Barker*, the Court hereby denies defendant's motion in limine (Dkt. No. 81).

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: November 18, 2010