UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MONICA S. WHARTON,

                      Plaintiff,

                                                    **DECISION AND ORDER**
                                                        07-CV-116A

        v.

STATE UNIVERSITY OF NEW YORK
  AT BUFFALO,

                      Defendant.

---

      Trial on this matter is scheduled to commence on January 5, 2011. That trial date was set on November 19, 2010. On December 28, 2010, plaintiff filed a motion for a continuance (Dkt. No. 107) requesting that the Court adjourn the currently scheduled trial date for 90-120 days.

      Plaintiff submits two arguments in support of a continuance. First, plaintiff claims that two witnesses in her behalf would be unavailable for the currently scheduled trial date. Plaintiff does not specify who these witnesses are. Second, plaintiff claims that she recently was laid off, is currently unemployed, and lacks the financial means to pay for airfare from Florida to Buffalo and to pay for several days of lodging. Plaintiff asserts that additional time would allow her to acquire the funds necessary to travel to Buffalo for the time that would be necessary for the trial.

Defendant opposes the motion for a continuance. Defendant does not directly challenge plaintiff's assertion about her current financial status but rather places it in the context of other delays that have occurred in this case. Defendant expresses frustration that it has experienced multiple adjournments and reschedulings in the history of this case, for no reason other than plaintiff's delays. In this context, defendant asserts that the pending motion is just another dilatory tactic.

Plaintiff originally commenced this case by filing her first complaint (later amended twice) on February 28, 2007, almost four years ago. However, after plaintiff failed to file several documents in a timely fashion (*see* Dkt. No. 52), failed to conduct any discovery, and failed to appear at an initial mediation session, defendant filed a motion to dismiss for failure to prosecute (Dkt. No. 51). On July 24, 2009, Magistrate Judge Jeremiah J. McCarthy issued a report and recommendation (Dkt. No. 55) that acknowledged significant confusion and factual mistakes by plaintiff's counsel but recommended not dismissing the case. Defendant objected to the report and recommendation to the extent that it would prevent it from making a motion to dismiss on the grounds of subject-matter jurisdiction. Magistrate Judge McCarthy permitted the filing of such a motion, which led to a second report and recommendation (Dkt. No. 66) that recommended granting the motion in part. Plaintiff did not respond to that motion until a belated filing six days after the second report and recommendation issued.

For the next six months, the case stalled while plaintiff requested several extensions of time to find a new attorney who would resume prosecution of her case. (*See generally* Dkt. Nos. 69–73.) Specifically, the Court received a letter from plaintiff on September 29, 2009 (Dkt. No. 69) expressing dissatisfaction with her counsel and requesting six months to find new counsel. The Court gave plaintiff 60 days to find new counsel and scheduled a status conference for December 11, 2009. (*See* Dkt. No. 70.) Plaintiff did not appear for that conference; the afternoon before, the Court received another letter from plaintiff (Dkt. No. 71) requesting another extension of time to permit her to obtain her client file from her former attorney. In an order dated December 11, 2009 (Dkt. No. 72), the Court noted that plaintiff waited until the last minute to inform it that she needed more time and that she would not attend the status conference, but nonetheless directed her former counsel to make her file available and directed plaintiff to appear at another status conference on February 11, 2010. On February 10, 2010—again at the last minute—the Court received yet another letter from plaintiff (Dkt. No. 73) announcing that she would not attend the February 11 status conference and requesting yet another extension of time to permit an unspecified attorney to review her file. Concerned at that point that plaintiff would stall the case indefinitely, the Court reviewed the pending reports and recommendations carefully on its own initiative and adopted them (Dkt. No. 74).

Plaintiff then failed to appear for a March 3, 2010 status conference before Magistrate Judge McCarthy, requiring a rescheduling of that conference. (*See* Dkt. No. 77.) On April 5, 2010, this Court scheduled an April 23, 2010 status conference to set a trial date. At that status conference, the Court set a trial date of November 16, 2010, giving plaintiff approximately seven months to complete trial preparations, including any document exchanges with defendant and retention of counsel as she wished. On November 3, 2010, the Court issued a final pretrial order requiring the parties to submit proposed witness lists, proposed exhibits and exhibit lists, and other information by November 12, 2010. (*See* Dkt. No. 89.) Despite giving plaintiff seven months for final trial preparation and despite issuing a pretrial order indicating exactly what plaintiff needed to file with the Court before trial, plaintiff arrived for the final pretrial conference on November 15, 2010 without having exchanged proposed trial exhibits with defendant, without having submitted two copies of her proposed trial exhibits to the Court, and without having filed any documents required by the pretrial order within the time specified by that order. The Court decided that a trial could not proceed under those circumstances and adjourned the trial to January 5, 2011. The Court also gave the parties a briefing schedule for objections to proposed witnesses and proposed exhibits.

The details noted above are the context in which the Court has reviewed plaintiff's latest request to postpone a final resolution of this case, a request that arrived on short notice as with prior requests.

This case has limped along for four years through numerous delays. The Court understands that the attorney whom plaintiff retained at the start of the case was responsible for some initial confusion and delay. The Court also understands that plaintiff has been proceeding *pro se* for almost a year. Nonetheless, a case featuring a fairly small number of witnesses, no depositions, no expert witnesses, and no dispositive motions does not require over four years to bring to trial. Additionally, plaintiff should not be exempted entirely from "the general rule that civil litigants are bound by the acts and omissions of their freely selected attorneys." *Reilly v. Natwest Mkts. Group, Inc.*, 181 F.3d 253, 271 (2d Cir. 1999) (citation omitted). Under these circumstances, the Court will proceed as follows. The Court grants the pending motion and reschedules jury selection for **Tuesday, June 14, 2011 at 9:30 a.m.** Trial will commence on **Wednesday, June 15, 2011 at 9:30 a.m.** Absent extraordinary circumstances, **no further requests from the parties to adjourn the trial will be considered.** Plaintiff is cautioned that a failure to appear and to proceed with trial as now scheduled may result in dismissal of the case for failure to prosecute. Meanwhile, the Court will

5

issue a written decision and order regarding pending objections to each side's proposed exhibits and witnesses.  That decision and order will issue sufficiently in advance of trial to allow the parties to plan accordingly.

    SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 5, 2011